trict of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Molly E. Odom, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Jose Saloman Arreola–Amaya (Arreola) appeals the sentence imposed following his guilty-plea conviction of illegal reentry of a previously deported alien subsequent to an aggravated felony conviction. Arreola argues, citing *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the district court erred in sentencing him because the court believed that the federal sentencing guidelines were mandatory, rather than advisory. He also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional and that *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled.

We review for plain error. *See United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 43, — L.Ed.2d — (2005). With respect to the district court's mandatory application of the sentencing guidelines, Arreola concedes that he cannot demonstrate that the district court would have imposed a different sentence had it considered the guidelines to be advisory. Accordingly, he has not established plain error in his sentence. *See Mares*, 402 F.3d at 522.

Although the decision in *Almendarez–Torres* has been called into question, *see Shepard v. United States*, — U.S. —, —, 125 S.Ct. 1254, 1264, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring), the Supreme Court has not overruled it. Accordingly, Arreola's argument that *Almendarez–Torres* should be overruled and that 8 U.S.C. § 1326(b) be declared unconstitutional is foreclosed. *See United States v. Rivera*, 265 F.3d 310, 312 (5th Cir.2001).

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfonso ZAMORA–ANAYA, Defendant–Appellant.**

No. 04–40308.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Nov. 9, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

---

Guillermo Ruben Garcia, Laredo, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Alfonso Zamora–Anaya appeals the sentence imposed following his guilty plea to illegal reentry into the United States following deportation. Zamora was sentenced to a term of imprisonment of 46 months to be followed by a three-year term of supervised release.

Zamora argues that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), it appears that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was incorrectly decided and that, therefore, the sentencing provisions of 8 U.S.C. § 1326(b) are unconstitutional. He contends that the unconstitutional portions of the statute should be severed and that he should be resentenced to no more than two years of imprisonment for the lesser included offense provided under 8 U.S.C. § 1326(a). Zamora recognizes that his argument is foreclosed by the existing precedent of the Supreme Court and this court; however, he wishes to preserve the issue for possible Supreme Court review.

*Almendarez–Torres* held that the enhanced penalties contained in 8 U.S.C. § 1326(b) were sentencing factors and not elements of the offense. 523 U.S. at 235, 118 S.Ct. 1219. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United*

*States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). This court must follow the precedent set in *Almendarez–Torres* unless the Supreme Court overrules it. *Dabeit,* 231 F.3d at 984. Zamora's challenge to the constitutionality of 8 U.S.C. § 1326(b) is without merit.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.